THIS case arises out of the application of the Camel Truck Company, a motor truck common carrier, for a certificate of public convenience and necessity from the Public Utilities Commission of Colorado for the operation of its line for the carrying of freight and express between Pueblo and Rocky Ford through the counties of Pueblo and Otero.
The certificate was granted by the Commission subject to terms, for the route between Pueblo and Rocky Ford, and denied for the operation of the line between Rocky Ford and Holly. The Railway Company brings error, but states in the brief of its counsel that it "is accepting the decision of the Public Utilities Commission on the merits of the case, if the Commission had jurisdiction or right to grant the certificate without the consent and over the objection of the county commissioners of the two counties involved." An agreed record was filed limiting the review solely to the one purpose: To have determined the proper construction of that part of section 35 (c) of the Public Utilities Act, section 2946 (c), C. L. 1921, which reads as follows: "Every applicant for a certificate shall file in the office of the commission such evidence as shall be required by the commission to show that such applicant has received the required consent, franchise, permit, ordinance, vote or other authority of the proper county, city and county, municipal or other public authority."
The question here is, what is meant by the words, the "required consent" of "the proper county." To determine this, we look to another section, C. L. § 1272 (a), which reads: "No vehicle bearing a load exceeding 8 tons on four wheels shall be propelled on any part of a public highway except by written permission of the board of commissioners of the county as to county highways, or the state highway department, as to state highways."
The above section defines precisely when and what *Page 44 
consent of the counties is required, that is, for the propelling of a vehicle bearing a load exceeding eight tons on four wheels. It excludes the intention of any consent being required for a vehicle of any other description. Expressio unius est exclusio alterius. No claim is made in this case, and there is nothing in the record to show that the Truck Line Company intends to propel a vehicle of the class for which the consent of the counties is required, nor that it is its purpose to do so either with or without the consent of the counties. The "required" consent manifestly means "required by law." The requirements of the law are defined in the last section quoted.
The first statute above cited was passed in 1917. L. 1917, p. 420, sec. 35 (c). The other in 1921. L. 1921, p. 397, sec. 5 (a). They must be construed together. No other section of our statutes alters our conclusions as to the effect of the above.
Many citations from our statutes and the decisions of other states concerning towns and cities appear in the briefs. They have no place here. No rights or claims of any kind of any city or town are being litigated here. The Truck Line Company in its petition to the commission for a certificate of public convenience and necessity says: "That none of said cities or towns have any rule, law or ordinance that prohibits or limits the conduct through or within their limits of the transportation business proposed by the applicant; and that there is no requirement on the part of the applicant in the laws or ordinances of any of said towns or cities for applicant to obtain any consent for the operation of said motor transportation system."
The record shows no denial of the above allegation. The limitations of this inquiry to the subject of counties alone is further emphasized by the quotation above from the petitioner's brief. We shall not extend this opinion beyond the record.
Holding as we do that the Public Utilities Commission had jurisdiction and right to grant a certificate of public convenience and necessity as it did to the Truck Line *Page 45 
Company, we do not regard it necessary to consider the other points raised.
The order of the Commission is affirmed.
MR. JUSTICE CAMPBELL, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR, dissent.